**FUJISAWA PHARMACEUTICAL CO., LTD. and Fujisawa USA, Inc., Plaintiffs,**

v.

**John N. KAPOOR, Defendant.**

No. 92 C 5508.

United States District Court, N.D. Illinois, Eastern Division.

June 13, 1996.

Robert J. Kopecky, Kirkland & Ellis, Chicago, IL, Peter C. Neger, Richards & O'Neil, LLP, New York City, for Plaintiffs.

Dan K. Webb, Winston & Strawn, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Previously, this Court denied Fujisawa's motion for leave to amend its complaint to add a Section 20A claim, 15 U.S.C. § 78t–1. Section 20A provides that "[a]ny person who violates any provision of this title ... by purchasing or selling a security while in possession of material, nonpublic information shall be liable ... to any person who, contemporaneously with the purchase or sale of securities that is the subject of such violation, has purchased ... or sold ... securities of the same class." In denying Fujisawa's request, I held that such an amendment would be futile because Section 20A does not apply to direct face-to-face transactions. Fujisawa has asked me to reconsider that decision, arguing that the statute unambiguously applies to "any person" who trades "contemporaneously" with the plaintiff. Fujisawa maintains that nothing could be more contemporaneous than the face-to-face transaction between it and Kapoor.

Fujisawa correctly notes that "the language of a statute controls when [it is] sufficiently clear in its context." *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 201, 96 S.Ct. 1375, 1384–85, 47 L.Ed.2d 668 (1976). Thus the first issue I must resolve is whether the language of Section 20A is "sufficiently clear." Webster's Third New International Dictionary defines "contemporaneously" to mean "at or near the same time." In face-to-face transactions, the securities are sold and purchased at the same time, so the purchase and sale are certainly performed "contemporaneously." I must, however, consider the term "in its context." Several details lead me to conclude that the statute does not make clear whether trading "contemporaneously" includes face-to-face transactions such as the Fujisawa/Kapoor transaction. For example, the statutory section is entitled "Liability to contemporaneous traders for *insider trading.*" "Insider trading" implies that an insider takes advantage of an unsuspecting buyer who trades without knowing the insider's status. The Fujisawa/Kapoor transaction does not fit this model, because Fujisawa, an insider, knew it was buying Lyphomed stock from another insider. Moreover, at the time § 20A was passed, parties such as Fujisawa who had bought their stock in a face-to-face transaction already had a cause of action against the seller under Rule 10b–5. Therefore, Congress had to mean something different when it passed Section 20A.

Additionally, in Section 20A Congress provided a statute of limitations of five years and limited the damages that the plaintiff could recover to the defendant's profits. These features strengthen my conclusion that it is at least ambiguous whether Congress intended to exclude plaintiffs who purchased their stock in a direct face-to-face transaction from the scope of § 20A. As the Supreme Court recognized in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* "[t]he language of § 20A makes clear that

the 100th Congress sought to alter the remedies available in insider trading cases, and *only* in insider trading cases." 501 U.S. 350, 362, 111 S.Ct. 2773, 2781, 115 L.Ed.2d 321 (1991) (refusing to adopt § 20A's five-year statute of limitations for actions under Rule 10b–5) (emphasis in original). Finally, § 20A requires that the seller sell, and the buyer buy, "securities of the same class." This language is superfluous for direct face-to-face transactions, because where the same share of stock changes hands, it is obviously "of the same class" when it is bought as when it is sold. Consequently, without looking at the legislative history, I do not find it "sufficiently clear" that Fujisawa is a "contemporaneous" trader within the meaning of Section 20A.

The legislative history indicates that "[t]he bill does not define the term 'contemporaneous,' which has developed through case law." H.R.Rep. No. 100–910, 100th Cong., 2d Sess. 27 (1988), U.S.Code Cong. & Admin.News 1988 at 6043, 6064. Congress cited to three cases, none of which involved a face-to-face transaction between the purchaser and the seller. For example, Congress cited *Shapiro v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 495 F.2d 228 (2d Cir.1974). In *Shapiro*, the Second Circuit allowed the plaintiffs to state a claim because they traded on the open market in the same period as the defendants. The defendants argued that they could not be liable to the plaintiffs under Rule 10b–5 because the plaintiffs did not purchase the stock directly from them. *Id.* at 236. The court rejected this argument, finding that it "ignores the fact that these transactions occurred on an anonymous national securities exchange where as a practical matter it would be impossible to identify a particular defendant's sale with a particular plaintiff's purchase." *Id.* Consequently, the court extended Rule 10b–5 to allow contemporaneous traders to state fraud claims. In enacting Section 20A, Congress merely codi-

fied this result as part of the Securities Act. By "contemporaneous" traders, Congress meant those individuals who, like the plaintiffs in *Shapiro*, purchased stock anonymously on the open market, rather than through face-to-face transactions.[1]

Fujisawa, as a face-to-face purchaser from Kapoor, is not a "contemporaneous" trader within the meaning of Section 20A. Accordingly, its motion for reconsideration is denied.

---

1. Both of the other two cases cited in the legislative history involved plaintiffs who had purchased their securities on the open market. In *Wilson v. Comtech Telecommunications Corp.*, 648 F.2d 88, 94–95 (2d Cir.1981), for example, the Second Circuit dismissed the plaintiff's claim where he had purchased the stock on the open market one month after the defendants' sales, holding that the plaintiff's purchase was not "contemporaneous." In the final case cited in the legislative history, *O'Connor & Associates v. Dean Witter Reynolds, Inc.*, 559 F.Supp. 800 (S.D.N.Y.1983), the court dismissed the plaintiff's claim where he had bought his securities prior to the defendants' sales.